US DISTRICT COURT INDEX SHEET

















KAJ     7/22/04

3:03-CR-1088 USA V. METABOLIFE

*2*

*CRINDISPS*

SECRET unsealed 7/27/04

FILED
04 JUL 22 AM 10:48
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2002 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 03CR1088J |
| Plaintiff, ) | **I N D I C T M E N T** |
| ) | **(Superseding)** |
| v. ) | |
| ) | Title 18, U.S.C., Sec. 1001 - |
| METABOLIFE INTERNATIONAL, ) | False Statements; Title 18, |
| INC. (1), ) | U.S.C., Sec. 1505 - Obstruction of |
| MICHAEL J. ELLIS (2), ) | Agency Proceedings; Title 18, |
| ) | U.S.C., Sec. 2 - Aiding and |
| Defendants. ) | Abetting |

The grand jury charges:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. On or about January 23, 1995, defendant MICHAEL J. ELLIS formed defendant METABOLIFE INTERNATIONAL, INC. (hereinafter "defendant METABOLIFE"), as a California corporation for the purpose of marketing Metabolife 356. Defendant METABOLIFE has its corporate headquarters in San Diego, California.

2. At all times relevant herein, defendant MICHAEL J. ELLIS was President of defendant METABOLIFE and/or a Member of its Board of Directors and one of the majority shareholders.

//

PLBH:KWH(2):nlv:San Diego
7/22/04

3. According to defendant METABOLIFE, Metabolife 356 raises a user's metabolism, reduces appetite, and helps the body burn calories more rapidly. In so doing, Metabolife 356 allegedly results in "an energetic feeling" and allegedly allows the user to reduce "excessive pounds of fat brought on by overeating and lack of exercise."

4. Metabolife 356's active ingredients are Ma Huang - an herb that contains ephedrine alkaloids - and Guarana - a berry that contains caffeine. Ephedrine alkaloids act on the nervous system to increase the metabolic rate.

5. By 1999, defendant METABOLIFE had grown into one of the largest retailers of dietary supplements in the United States with sales approaching half a billion dollars per year.

6. Due to potential harmful health effects, dietary supplements containing ephedrine alkaloids were the subject of hearings by both State and Federal regulatory agencies.

7. Among other actions, in 1997, the United States Food and Drug Administration (hereinafter "the FDA"), issued a proposed rule designed to regulate dietary supplements containing ephedrine alkaloids, including restricting the amount of ephedrine alkaloids a dietary supplement could contain. As part of the rule making process, the FDA sought submissions from parties wishing to comment on proposed rules.

Count 1

On or about April 17, 1998, within the Southern District of California and elsewhere, defendants METABOLIFE INTERNATIONAL, INC. and MICHAEL J. ELLIS, in a matter within the jurisdiction of the FDA, a department and agency of the United States, did knowingly and willfully make a false, fictitious, and fraudulent statement and

representation as to a material fact in that they did represent and state to the FDA that "Metabolife has never received one notice from a consumer that any serious adverse health event has occurred because of the ingestion of Metabolife 356" whereas in truth and fact, as defendants then and there well knew, this statement and representation was false, fictitious and fraudulent when made; in violation of Title 18, United States Code, Sections 1001 and 2.

### Count 2

On or about April 17, 1998, within the Southern District of California and elsewhere, defendants METABOLIFE INTERNATIONAL, INC. and MICHAEL J. ELLIS, in a matter within the jurisdiction of the FDA, a department and agency of the United States, did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact in that they did represent and state to the FDA that Metabolife had a "claims-free history," whereas in truth and fact, as defendants then and there well knew, this statement and representation was false, fictitious and fraudulent when made; in violation of Title 18, United States Code, Sections 1001 and 2.

### Count 3

On or about April 17, 1998, within the Southern District of California and elsewhere, defendants METABOLIFE INTERNATIONAL, INC. and MICHAEL J. ELLIS, in a matter within the jurisdiction of the FDA, a department and agency of the United States, did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact in that they did represent and state to the FDA that "there have been no serious adverse reports of any sort" whereas in truth and fact, as defendants then and there well

knew, this statement and representation was false, fictitious and fraudulent when made; in violation of Title 18, United States Code, Sections 1001 and 2.

### Count 4

On or about April 17, 1998, in the Southern District of California and elsewhere, defendants METABOLIFE INTERNATIONAL, INC. and MICHAEL J. ELLIS, did corruptly endeavor to influence, obstruct and impede the due and proper administration of the law under which a pending proceeding (concerning the potential regulation of dietary supplements containing ephedrine alkaloids) was being had before the Department of Health and Human Services, FDA, by knowingly and willfully making false statements and representations as to material facts, and by knowingly and willfully falsifying, concealing, and covering up by trick, scheme or device material facts; in violation of Title 18, United States Code, Sections 1505 and 2.

### Count 5

On or about February 9, 1999, within the Southern District of California and elsewhere, defendants METABOLIFE INTERNATIONAL, INC. and MICHAEL J. ELLIS, in a matter within the jurisdiction of the FDA, a department and agency of the United States, did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact in that they did represent and state to the FDA that "Metabolife has never been made aware of any adverse health events by consumers of its products" whereas in truth and in fact, as defendants then and there well knew, this statement and representation was false, fictitious and fraudulent when made; in violation of Title 18, United States Code, Sections 1001 and 2.

//

Count 6

On or about February 9, 1999, within the Southern District of California and elsewhere, defendants METABOLIFE INTERNATIONAL, INC. and MICHAEL J. ELLIS, in a matter within the jurisdiction of the FDA, a department and agency of the United States, did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact in that they did represent and state to the FDA that "Metabolife has never received a notice from a consumer that any serious adverse health event has occurred because of ingestion of Metabolife 356" whereas in truth and fact, as defendants then and there well knew, this statement and representation was false, fictitious and fraudulent when made; in violation of Title 18, United States Code, Sections 1001 and 2.

Count 7

On or about February 9, 1999, within the Southern District of California and elsewhere, defendants METABOLIFE INTERNATIONAL, INC. and MICHAEL J. ELLIS, in a matter within the jurisdiction of the FDA, a department and agency of the United States, did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact in that they did represent and state to the FDA that Metabolife 356 had a "claims-free history" despite "widespread media attention regarding dietary supplement products containing ephedrine" whereas in truth and fact, as defendants then and there well knew, this statement and representation was false, fictitious and fraudulent when made; in violation of Title 18, United States Code, Sections 1001 and 2.

//

//

5

Count 8

On or about February 9, 1999, in the Southern District of California and elsewhere, defendants METABOLIFE INTERNATIONAL, INC. and MICHAEL J. ELLIS, did corruptly endeavor to influence, obstruct and impede, the due and proper administration of the law under which a pending proceeding (concerning the potential regulation of dietary supplements containing ephedrine alkaloids) was being had before the Department of Health and Human Services, FDA, by knowingly and willfully making false statements and representations as to material facts, and by knowingly and willfully falsifying, concealing, and covering up by trick, scheme or device material facts; in violation of Title 18, United States Code, Sections 1505 and 2.

DATED: July 22, 2004.

A TRUE BILL:

_____ 7/22/2004
Foreperson

CAROL C. LAM
United States Attorney

By: _____
PHILLIP L. B. HALPERN
Assistant U.S. Attorney

By: _____
KYLE W. HOFFMAN
Assistant U.S. Attorney

6